UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FRANK BIANCHETTI, et al.,

    Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., et al.,

    Defendants.

Civil Action No. 15-4107 (MAS) (LHG)

**MEMORANDUM ORDER**

This matter arises from Defendant JPMorgan Chase Bank, N.A.'s ("JPMorgan") alleged failure to honor a loan modification agreement[1] with respect to Plaintiffs Frank Bianchetti and Mary Bianchetti's (collectively, "Plaintiffs") home mortgage. (Am. Compl. ¶¶ 24-26, ECF No. 20.) This matter comes before the Court on Defendants JPMorgan and Federal National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") motion to dismiss Plaintiffs' Amended Complaint,[2] pursuant to the *Colorado River* abstention doctrine. (ECF No. 13.) In support of their motion to dismiss, Defendants argue that the Court should abstain from exercising jurisdiction over this action due to a concurrent, parallel state foreclosure action pertaining to Plaintiffs' home mortgage. (Defs.' Moving Br. 5, ECF No.13-1.) Specifically, Defendants argue that the parties entered into a valid settlement agreement in connection with a state foreclosure action, which pertains to the same subject matter as this action; thus, pursuant to the *Colorado River* abstention

---

[1] Plaintiffs concede that JPMorgan's failure to honor the loan modification agreement resulted from a mistaken determination made by its loan-servicing arm, Chase Home Finance. (Am. Compl. ¶ 19, ECF No. 20.)

[2] Because the Amended Complaint is the operative complaint in this matter, the Court shall construe the Motion to Dismiss (ECF No. 13) as applying to the Amended Complaint.

doctrine, this Court should abstain from exercising jurisdiction over this matter, and Plaintiffs should seek relief from the state court. (*Id.* at 5-7.)

The *Colorado River* doctrine provides a means by which a federal court may abstain from exercising jurisdiction if "there is a parallel ***ongoing*** state court proceeding." *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (emphasis added). Here, the parties entered into a stipulation dismissing the state court action without prejudice. (Am. Compl. ¶ 33.) The stipulation provided that the "[parties] have engaged in negotiations to resolve this matter without prejudice." (*Id.*) In addition, the stipulation noted that the material terms of the settlement agreement were set forth in e-mail correspondence exchanged between the parties' counsel on November 20, 2014. (*Id.* ¶¶ 32-33.) While the parties dispute whether they ultimately reached an enforceable settlement agreement,[3] it is undisputed that they entered into a valid stipulation of dismissal. Accordingly, since the state foreclosure action was dismissed, Defendants have failed to demonstrate that the state foreclosure action qualifies as an ongoing proceeding warranting *Colorado River* abstention.

---

[3] Additionally, the Court may look to the e-mail correspondence evidencing the settlement negotiations, which are attached to the Complaint, because they are not being used to show the amount of settlement or admission of liability, but rather they are being used to show that settlement was never consummated. *See* Fed. R. Evid. 408 (use of evidence from settlement negotiations is prohibited when it is offered "to prove or disprove the validity or amount of a disputed claim"); *see also* Christopher Mueller & Laird Kirkpatrick, 2 Federal Evidence § 4:60 (4th ed. 2013) (when a settlement agreed is being used "as a defense in a suit on the underlying claim, the evidence is outside Rule 408 because it is not used circumstantially to prove or disprove 'validity' or 'amount' of a claim, but as direct proof of a fact in issue relating to the terms and enforcement of the settlement itself"). Thus, construing the facts alleged in the light most favorable to Plaintiffs, the Court finds that Defendants have not shown that there was an enforceable settlement agreement because a condition precedent was not satisfied. *See Sutherland v. Chesson*, No. A-4545-04T5, 2006 WL 1000574, at *7 (N.J. Super. Ct. App. Div. Apr. 18, 2006) ("However, we are convinced that no valid settlement agreement was enforceable, because the condition precedent to settlement was never satisfied.").

In discussing when abstention is appropriate, the Supreme Court in *Colorado River* found that "circumstances permitting the dismissal of a federal suit due to the presence of a *concurrent* state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for [other forms of] abstention." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976) (emphasis added). *Compare id.* at 817 (Abstention, when based upon considerations of "wise judicial administration" and "conservation of judicial resources," is only available "in situations involving the *contemporaneous* exercise of concurrent jurisdictions, either by federal courts or by state and federal courts.") (emphasis added), *with Coles v. Street*, 38 F. App'x 829, 831 (3d Cir. 2002) (holding that the lack of a pending state court action does not preclude *Burford* abstention.). Here, the state action is not a "contemporaneous" or "concurrent state proceeding," as it was dismissed.

Furthermore, even assuming that the state court action is ongoing, the types of extraordinary circumstances necessary to justify *Colorado River* abstention are not present. *Colo. River*, 424 U.S. at 813 (stating that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" and this narrow exception can only be justified in "exceptional circumstances."). Courts consider the following six factors in deciding whether abstention is appropriate: "(1) which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties." *Nationwide*, 571 F.3d at 308.

Here, these factors do not weigh in favor of abstention. In particular, the Court does not find that proceeding in the federal forum is inconvenient or would lead to piecemeal litigation.[4] In addition, while state law is applicable to some of Plaintiffs' claims, the Court routinely applies state law, so this factor does not weigh in favor of abstention, and federal law is applicable to Plaintiffs' claim for a violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605. Finally, although the state action was filed before the federal action, the fact that the state court complaint was not properly served until November 24, 2013, and was dismissed on December 10, 2014, limits any possible progress in that action to roughly a one-year window. Consequently, even assuming substantial progress was made during that one-year period, such progress would be mitigated by the more than two years since the state action was dismissed. Thus, the order in which the courts assumed jurisdiction does not weigh in favor of abstention. As none of these factors weigh in favor of abstention, the Court finds that this case does not warrant abstention, and thus the Court need not consider whether the state court will adequately protect the interests of the parties.

Finally, the Court also rejects Defendants' argument regarding Plaintiffs' allegedly improper RESPA claim. (Defs.' Moving Br. 9-10.) Without alleging any actual deficiencies in Plaintiffs' RESPA claim, Defendants argue that Plaintiffs' counsel used the RESPA claim to manufacture federal question jurisdiction and circumvent Rule 4.2 of the Rules of Professional Conduct, which prohibits an attorney from communicating with a person or entity known "to be

---

[4] Because the dismissal of the state foreclosure action was not an adjudication on the merits, a decision by this Court on the enforceability of the loan modification agreement cannot result in an inconsistent judgment that will conflict with the state court judgment. *Cf. Patel v. PNC Bank*, No. 15-3432, 2016 WL 356076, at *3 (D.N.J. Jan. 28, 2016) (applying *Colorado River* abstention doctrine where plaintiff "only now raise[d] [the] state claims, which seek to invalidate the state foreclosure proceeding" in an effort to have a federal court decision in conflict with the earlier state court judgment).

4

represented by another lawyer in the matter." N.J. Rules of Prof.'l Conduct R. 4.2 (amended 2003). In particular, Defendants argue that Plaintiffs' counsel aided Plaintiffs in preparing the "Qualified Written Request," a type of inquiry permitted under RESPA, which was sent to JP Morgan rather than its counsel.  Viewing the facts presented in the light most favorable to Plaintiffs, the Court finds that Plaintiffs adequately pled a RESPA claim.  Furthermore, the Court finds that Defendants failed to substantiate the allegation that Plaintiffs' counsel violated Rule of Professional Conduct 4.2.

Accordingly,

**IT IS** on this 31st day of March 2016, **ORDERED** that Defendants' Motion to Dismiss (ECF No. 13) is DENIED.

s/Michael A. Shipp
**Michael A. Shipp**
**United States District Judge**